©PINION of the Court, by
Ch. J. Boyle.
— Sharp, claiming title under a junior patent, filed his bill in eqiiity against the Curds to set aside an elder grant, which he alleges they fraudulently obtained by entering a caveat against Mitchell, under whom Sharp claims, and procuring their patent to issue before the caveat was dismissed, decided, or determined.
The Curds admit that they entered a caveat with the register, but allege that they never filed a certified copy thereof with the clerk of the circuit court; and that it was not until after the time when by law such certified copy should have been filed their grant issued. On a final hearing, the court below dismissed the bill ; and Sharp has appealed to this court.
The first and principal inquiry is, whether the defendants obtained their patent fraudulently or not?
It is not pretended that there is any proof of a fraud in fact in the procurement of their patent. But it is contended that the patent was issued contrary to the provisions of the act better to regulate proceedings in caveats, passed January 31, 1811 (4 Litt. 282) ; and that it is, therefore, according to the express declaration of the act, to betaken and deemed fraudulent. The act provides “ that no grant shall issue to the plaintiff in any caveat entered or to be entered — so as .to include the land or any part thereof within the survey against which such caveat is or may be entered, until such caveat shall be dismissed, decided, or determined: and any grant which shall issue contrary to the direction and intent of this section, shall to the extent of such interference be taken and held as fraudulent.’*
As prior to the emanation of their grant, the defendants had entered a caveat against the survey under which the complainant claims, it is clear that their grant is fraudulent according to the letter of the act, unless the caveat was dismissed, decided or determined before their grant issued $ but on the other hand, it is equally clear that their grant cannot be deemed fraudulent within this act, if before it issued the caveat was either dismissed, decided or determined. That the caveat was either dismissed or decided, there is no pre-tence to urge : but we apprehend it may with strict propriety be said to have been determined. The law re *548 quires that within fifteen days after a caveat is entered with the register, the plaintiffin the caveat shall deliver a certified-copy thereof to the clerk of the court in which he intends to prosecute it; and declares that otherwise the caveat shall become void. — 1 Litt. 501. But a copy of the caveat in this case was not delivered to the clerk of any court within fifteen days after the caveat was entered with the register, and it was some time after the expiration of that term before the grant was issued to the defendants. The caveat then having become void, had by operation of law been ended or determined before the grant issued. We do not mean to say that “ to become void” and “ to be determined.” are convertible phrases. The former, however, differs from the latter only as a species differs from its genus, and must therefore be included in it: for to say that a thing “ has become void,” necessarily implies that it has in effect been terminated or brought to an end; but the expression applies only to its end or termination in one specific mode: whereas to say that a thing « has been determined,” though it clearly imports simply that the thing has been terminated or brought to an end, yet the expression is generic in its nature, and comprehends every mode of terminating or bringing a thing to an end.
Decree aifirmed.